UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

DARENCE LAMONT JORDAN,

        Defendant.

           NO. CR. S-07-483 LKK

           O R D E R

    On December 16, 2008, this court sentenced defendant Darence Lamont Jordan for a term of 168 months pursuant to a plea bargain. Judgment and commitment were entered on December 19, 2008. The terms of the plea agreement included a waiver of all rights of appeal and collateral attack. Accordingly, defendant did not appeal his conviction.

    The statute of limitations for filing a motion under 28 U.S.C. Section 2255 is one year, which runs from "the date on which the

1

judgment of conviction becomes final."[1] 28 U.S.C. § 2255(f)(1). Accordingly, absent equitable tolling, defendant must have filed his Section 2255 motion by December 19, 2009 (assuming he was not barred from such a filing pursuant to the terms of his plea agreement).

On November 30, 2009, defendant filed a motion for a 90-120 day extension of time to file his Section 2255 motion. Defendant argued that this court should grant his motion because (1) he was unable to bring his paperwork with him to prison,(2) his lawyer only just provided him with the documents he requested, and (3) he only recently requested a copy of his sentencing transcript. On March 10, 2010, this court granted defendant a 120 day extension of time. That same day, the United States filed a motion to reconsider its order granting defendant an extension of time.

The court has considered the United States' motion, and finds that its order granting the extension of time was improper. Thus, the United States' motion is granted.[2]

For the foregoing reasons, the court orders as follows:

(1) This court's March 10, 2010 order, Dkt. No 152, is VACATED; and

---

[1] The other dates that start the statute of limitations are not relevant here.

[2] It appears to the court that defendant may be entitled to equitable tolling from this court's March 10, 2010 order granting defendant an extension and this order. The court does not, however, decide this question because even if defendant were entitled to equitable tolling for this time period, his motion would still be barred by the statute of limitations.

1   (2) The United States' motion to reconsider, Dkt. No. 153, is
2 GRANTED.
3   IT IS SO ORDERED.
4   DATED: May 3, 2010.

```
                        /s/ Lawrence K. Karlton
                        LAWRENCE K. KARLTON
                        SENIOR JUDGE
                        UNITED STATES DISTRICT COURT
```