UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>DARENCE LAMONT JORDAN,<br><br>Movant. | No. 2:07-cr-483-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Movant, proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] ECF No. 253. The government has filed an opposition to the motion. ECF No. 257. For the reasons stated hereafter, the court recommends that the pending section 2255 motion be denied.

**I.      Background**

Movant argues that that his prior conviction for being a felon in possession of a firearm no longer counts as a 'crime of violence' because the residual clause of U.S.S.G. § 4B1.2 – the section that defines the term 'crime of violence' for U.S.S.G. § 2K2.1 – is invalidated by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act was void for

---

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:17-cv-00395 TLN EFB.

1

vagueness. *Id*. at 2557. That clause, whose language is identical to the residual clause at § 4B1.2(a)(2), states that a 'crime of violence' is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Movant argues that, given the identical language shared by these clauses, the invalidation of one necessitates the invalidation of the other.

Movant also argues that his prior conviction does not qualify as a 'crime of violence' under the 'force clause' of § 4B1.2(a)(1). The 'force clause' states that a 'crime of violence' is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

## II. Applicable Law

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted). To warrant a

hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id.* Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980).

### III. Analysis

This motion presented a difficult question at the time it was filed. As the government points out, however, on March 6, 2017 the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017), wherein it explicitly held that the vagueness holding in *Johnson* did not extend to the United States Sentencing Guidelines. *Id.* at 890. That ruling is dispositive here and this § 2255 motion must be denied. Given that movant's prior conviction falls under § 4B1.2(a)'s still valid residual clause, the court need not reach movant's separate arguments related to that section's 'force clause.'

### IV. Conclusion

Accordingly, it is HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 253) be denied; and

2. The Clerk be directed to close the companion civil case, 2:17-cv-0395-TLN-EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2255 Cases

/////

/////

/////

(the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 1, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4