1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11     UNITED STATES OF AMERICA,              No. 2:07-cr-00483-TLN-EFB

12                  Plaintiff,

13        v.                                  **ORDER REINSTATING RIGHT TO
                                              BENEFITS**
14     DARENCE LAMONT JORDAN,

15                  Defendant.

16

17            This matter is before the Court on Defendant Darence Lamont Jordan's (hereafter,

18     "Defendant") Motion to Reinstate Rights to Federal Benefits.  (ECF No. 267.)  The government

19     filed an opposition (ECF No. 268), and Defendant filed a reply (ECF No. 271).  For the reasons

20     set forth in this Order, Defendant's motion is GRANTED.

21     ///

22     ///

23     ///

24     ///

25     ///

26     ///

27     ///

28     ///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 9, 2008, Defendant pleaded guilty to one count of an Indictment that charged him with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 86; ECF No. 88 at 2.) Defendant was sentenced to 168 months imprisonment. (ECF No. 110 at 2.) The judgment and commitment order recommended that Defendant "participate in the 500-Hour Bureau of Prisons Substance Abuse Treatment Program," commonly known by the acronym "RDAP." (ECF No. 110 at 2.) The judgment and commitment order further provided that "[i]f defendant successfully completes the Drug Program, his rights to federal benefits being denied is suspended." (ECF No. 110 at 2.)

Defendant informs the Court that he completed RDAP on February 6, 2019. (ECF No. 267 at 3.) As a result, Defendant argues that he "has completed the conditions precedent required by Judge Karlton in the Judgment and Commitment and his federal benefits should now be reinstated." (ECF No. 267 at 3.)

In opposition, the government identifies two distinct grounds for its contention that the Court is barred from granting Defendant his requested relief. First, the government argues that Defendant is permanently — and mandatorily — ineligible for all federal benefits pursuant to 21 U.S.C. § 862(a)(1)(C) because the instant offense was Defendant's third felony conviction consisting of distribution of controlled substances. (ECF No. 268 at 2.) The government asserts that 21 U.S.C. § 862(c), upon which Defendant bases his claim for relief, is inapposite because that section only applies to "offenders with less than three qualifying felony convictions." (ECF No. 268 at 2.) For his part, Defendant disputes that two of his prior felony convictions were for distributing controlled substances; Defendant argues that these two prior felony convictions were for possession, as distinguished from distribution, meaning that 21 U.S.C. § 862(a)(1)(C) is inapplicable to him. (ECF No. 271 at 1–5.)

Second, the government argues that Defendant's conviction renders him ineligible for certain state-based nutritional programs pursuant to 21 U.S.C. § 862a(a), which is a statutory provision distinct from 21 U.S.C. § 862(a) that automatically bars any individual convicted of a drug felony from receiving state-based nutritional program benefits. (ECF No. 268 at 3.)

Defendant points out that subsection (d)(1)(A) of 21 U.S.C. § 862a, however, allows a state to exempt its residents from the operation of § 862a(a)'s bar on participation in nutrition-related assistance programs. (ECF No. 271 at 8–10.) Defendant admits that he was unable to confirm whether California is one such state. (ECF No. 271 at 8–9.)

## II. STANDARD OF LAW

### A. Ineligibility Pursuant to 21 U.S.C. § 862

Federal law provides that defendants convicted of various narcotics crimes can be rendered ineligible for certain federal benefits. 21 U.S.C. § 862. The benefits which can be withheld from those convicted of drug crimes include the "issuance of any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States," but do not include "any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility." *Id.* § 862(d). A defendant convicted of a federal or state offense "consisting of the distribution of controlled substances shall . . . at the discretion of the court, upon the first conviction for such an offense be ineligible for any or all Federal benefits for up to 5 years after such conviction." *Id.* § 862(a)(1)(A). Similarly, a defendant with one prior drug distribution conviction who is again convicted of a distribution-related crime can, in the sentencing court's discretion, be rendered "ineligible for any or all Federal benefits for up to 10 years after such conviction." *Id.* § 862(a)(1)(B). But a sentencing court has no discretion for a defendant who is convicted a third or subsequent time of a drug distribution offense: such a defendant is "permanently ineligible for all Federal benefits." *Id.* § 862(a)(1)(C).

The statute functions similarly for defendants convicted of drug possession crimes, as distinct from drug distribution crimes. A defendant convicted for the first time of an offense "involving the possession of a controlled substance" shall, at the discretion of the sentencing court, "be ineligible for any or all Federal benefits for up to one year." *Id.* § 862(b)(1)(A)(i). A defendant convicted of such an offense for the second time may, at the sentencing court's

///

discretion, "be ineligible for all Federal benefits for up to 5 years after such conviction." *Id.* § 862(b)(1)(B).

Despite its focus on ensuring that drug distributors and possessors not obtain federal benefits, the statutory scheme contains an escape hatch by which a defendant's ineligibility for federal benefits is suspended if the defendant "completes a supervised drug rehabilitation program after becoming ineligible." *Id.* § 862(c). This suspension applies to "[t]he period of ineligibility referred to in subsections (a) and (b)." *Id.*; *see also United States v. Littlejohn*, 224 F.3d 960, 966 (9th Cir. 2000) ("Ineligibility under subsection 862(a) may be suspended under 21 U.S.C. § 862(c), contingent upon rehabilitation or attempts at rehabilitation . . . .").

## B. Ineligibility Pursuant to 21 U.S.C. § 862a

In addition to the provisions of 21 U.S.C. § 862, a criminal defendant may also be rendered ineligible for certain other public benefits pursuant to an entirely separate provision of federal law contained in 21 U.S.C. § 862a.

This statute provides that any person who is convicted of a felony "which has as an element the possession, use, or distribution of a controlled substance" is ineligible for certain categories of public benefits. 21 U.S.C. § 862a(a). The first category is "assistance under any State program funded under part A of title IV of the Social Security Act," *id.*, which authorizes block grants to states for the purpose of providing temporary assistance for needy families, *see* 42 U.S.C. §§ 601–619. The second category is "benefits under the supplemental nutrition assistance program" (hereafter, "SNAP"), which is sometimes referred to as the food stamp program. 21 U.S.C. § 862a(a). The third category is benefits issued pursuant to "any State program carried out under" the Food and Nutrition Act of 2008, which is the federal statute that created SNAP. *Id.*; *see also Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 180 F. Supp. 3d 683, 686 (S.D. Cal. 2016) (explaining the history and purpose of the Food and Nutrition Act of 2008, and stating that SNAP is a "core component of th[at] Act").

Like the ineligibility provision at 21 U.S.C. § 862(a)(1)(C), the ineligibility provision at 21 U.S.C. § 862a(a) is immediate, automatic, and not subject to judicial discretion. *See Littlejohn*, 224 F.3d at 966 ("As should be clear from the language of both subsection 862(a) and

section 862a, [the defendant's] conviction automatically strips him of benefits under both sections."). However, and again similar to the provisions of 21 U.S.C. § 862, 21 U.S.C. § 862a also contains a mechanism by which a criminal defendant may avoid permanent ineligibility. Specifically, "[a] State may, by specific reference in a law enacted after August 22, 1996, exempt any or all individuals domiciled in the State from the application of subsection (a)." 21 U.S.C. § 862a(d)(1)(A).

## III. ANALYSIS

### A. Suspension of Ineligibility Pursuant to 21 U.S.C. § 862

As a threshold matter, the Court notes that the record does not conclusively reveal the source and extent of Defendant's actual ineligibility for federal benefits under 21 U.S.C. § 862, i.e., whether he was rendered ineligible pursuant to subsections (a)(1)(A), (a)(1)(B), (a)(1)(C), (b)(1)(A), or (b)(1)(B) of 21 U.S.C. § 862. Instead, it appears that even though the parties and the sentencing court contemplated in 2008 that Defendant would be rendered permanently ineligible by operation of 21 U.S.C. § 862(a)(1)(C), they failed to specify the precise category of ineligibility that flowed from Defendant's criminal conduct. (*See, e.g.*, ECF No. 145 at 4 (discussing the possibility that "if this is a third conviction," that could raise the potential of "a lifetime of ineligibility under the third offense"); ECF No. 145 at 5 (stating that the government and the sentencing court had never previously confronted this issue).) Of course, the parties in 2019 disagree about whether 21 U.S.C. § 862(a)(1)(C) applies to Defendant at all. (*See* ECF No. 271 at 1–2 (disputing the applicability of 21 U.S.C. § 862(a)(1)(C) on grounds that Defendant's prior convictions were not for distribution-related offenses).)

However, for the reasons set forth below, the exact statutory source of Defendant's ineligibility is immaterial because 21 U.S.C. § 862(c) operates to suspend any ineligibility for federal benefits — permanent or otherwise — that Defendant may have originally suffered as a result of his conviction. Therefore, the Court explicitly declines to decide whether Defendant's prior convictions qualify as "consisting of the distribution of controlled substances." 21 U.S.C. § 862(a)(1). Instead, the Court simply adopts the assumption made by the parties and the sentencing court in 2008 that any ineligibility for benefits that might apply to Defendant derived

from 21 U.S.C. § 862(a)(1)(C).  (*See* ECF No. 145 at 4 (conceding that Defendant "qualifies under [21 U.S.C. § 862](a) arguably"); ECF No. 145 at 6 (expressing the impression of the sentencing court that "the government doesn't care" about whether Defendant's ineligibility for benefits would be automatically suspended upon completion of a drug rehabilitation program or would require a judicial order for suspension).)

        *i.*      *Suspension of Otherwise Permanent Ineligibility*

The government argues that the suspension of ineligibility in 21 U.S.C. § 862(c) is irrelevant to Defendant because it only applies in cases involving "offenders with less than three qualifying felony convictions," which, according to the government, Defendant is not.  (ECF No. 268 at 2.)  But the plain language of the statute reveals that Defendant's permanent ineligibility for benefits under 21 U.S.C. § 862(a)(1)(C) can be suspended by operation of 21 U.S.C. § 862(c), even if the Court were to find that Defendant sustained two or more drug distribution convictions prior to his instant conviction.  Indeed, the text of subsection (c) states that "[t]he period of ineligibility referred to in subsections (a) and (b) shall be suspended if the individual . . . completes a supervised drug rehabilitation program after becoming ineligible under this section." 21 U.S.C. § 862(c).  By its very terms, then, the suspension provision in subsection (c) applies to every drug trafficking defendant subject to subsection (a) and to every drug possession defendant subject to subsection (b).  Nothing in the statute indicates that subsection (c)'s suspension provision only applies to subsection (a)(1)(A), which addresses defendants who are convicted for the first time of a drug distribution offense, or to subsection (a)(1)(B), which addresses defendants who are convicted for the second time of a drug distribution offense.  *Id.* § 862(a). The Ninth Circuit acknowledged as much in *Littlejohn*, 224 F.3d at 966, when it stated that "[i]neligibility under subsection 862(a) may be suspended under 21 U.S.C. § 862(c), contingent upon rehabilitation or attempts at rehabilitation."

Thus, there is no merit to the government's contention that 21 U.S.C. § 862(c) only "permits a district court to suspend ineligibility for offenders with less than three qualifying convictions."  (ECF No. 268 at 2.)  Indeed, the government provides no legal authority for this argument, which appears to be directly contradictory to the statute's text and to the Ninth

Circuit's interpretation of that text. *See Littlejohn*, 224 F.3d at 966 ("Ineligibility under subsection 862(a) may be suspended under 21 U.S.C. § 862(c), contingent upon rehabilitation or attempts at rehabilitation . . . ."). Furthermore, though the Court attempted to locate precedent that would support the government's position on this point, it was unable to uncover any such authority. Accordingly, the Court finds that the suspension of ineligibility provision of 21 U.S.C. § 862(c) can apply to Defendant regardless of how many prior narcotics-related convictions are on his record.

ii.  <em>Requirements for Suspension</em>

The Court further finds that Defendant meets the requirements to demonstrate that any ineligibility for federal benefits he may have suffered — whether permanent or otherwise — is suspended.

First, Defendant presented evidence that he completed RDAP while incarcerated. (ECF No. 267 at 3; ECF No. 267-2; ECF No. 267-3.) The government does not dispute that Defendant completed RDAP, nor does the government dispute that doing so qualifies as "complet[ing] a supervised drug rehabilitation program." 21 U.S.C. § 862(c). Since RDAP is a drug rehabilitation program supervised by prison staff, the Court has no difficulty concluding that it falls within the statutory definition contained in 21 U.S.C. § 862(c). *See Reeb v. Thomas*, 636 F.3d 1224, 1225 (9th Cir. 2011) ("RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems."); *Mora-Meraz v. Thomas*, 601 F.3d 933, 935 (9th Cir. 2010) (characterizing RDAP as "substance abuse rehabilitation").

Second, Defendant completed RDAP after he became ineligible to receive federal benefits. *See* 21 U.S.C. § 862(c) (requiring a defendant to complete a rehabilitation program "after becoming ineligible under this section"). Defendant meets this requirement because any ineligibility he suffered took effect immediately and automatically upon his instant conviction, *see Littlejohn*, 224 F.3d at 967 (noting that "federal benefit ineligibility under subsection 862(a) is automatic"), and Defendant completed RDAP after he was committed to the custody of the Bureau of Prisons following that conviction, *Reeb*, 636 F.3d at 1225 ("RDAP is an intensive drug treatment program for federal inmates . . . .").

7

Based on the foregoing, the Court finds that Defendant's ineligibility for federal benefits pursuant to 21 U.S.C. § 862(a) is suspended by operation of 21 U.S.C. § 862(c).

### B.    Exemption From Ineligibility Pursuant to 21 U.S.C. § 862a

The parties do not appear to dispute that the provisions of 21 U.S.C. § 862a, if they apply to Defendant, would render him ineligible for the nutrition-based programs enumerated in the statute. (*See* ECF No. 271 at 6 (conceding that "the government appears to be partially correct in its general conclusion" that Defendant is subject to the provisions of 21 U.S.C. § 862a).) Accordingly, the issue at hand is whether California law fully or partially exempts its residents from application of these ineligibility provisions. *See* 21 U.S.C. § 862a(d)(1).

#### i.    Eligibility for Temporary Assistance for Needy Families Benefits

In California, federal block grants for temporary assistance for needy families are administered through a program known as CalWORKs. *Sneed v. Saenz*, 16 Cal. Rptr. 3d 563, 567 (Ct. App. 2004). Thus, Defendant's instant conviction does not make him ineligible for CalWORKs benefits so long as California law contains a "specific reference in a law enacted after August 22, 1996, exempt[ing] any or all individuals domiciled in the State from the application of [21 U.S.C. § 862a] subsection (a)." 21 U.S.C. § 862a(d)(1)(A).

California law contains just such a statute, codified in section 11251.3 of the state's Welfare and Institutions Code:

> [P]ursuant to Section 115(d)(1)(A) of Public Law 104-193 (21 U.S.C. Sec. 862a(d)(1)(A)), California opts out of the provisions of Section 115(a)(1) of Public Law 104-193 (21 U.S.C. Sec. 862a(a)(1)). An individual convicted as an adult in state or federal court after December 31, 1997, including any plea of nolo contendere, of any offense classified as a felony that has as an element the possession, use, or distribution of a controlled substance, as defined in Section 102(6) of the federal Controlled Substances Act (21 U.S.C. Sec. 802(6)) or Division 10 (commencing with Section 11000) of the Health and Safety Code, shall be eligible to receive CalWORKs benefits under this section.

Cal. Welf. & Inst. Code § 11251.3(a). Because this statute specifically references 21 U.S.C. § 862a(a)(1), and because it was enacted long after 1996, *see* Act of June 20, 2014, § 47, 2014 Cal. Legis. Serv. ch. 26 (West), it meets all the requirements to exempt Defendant from CalWORKs ineligibility, *see* 21 U.S.C. § 862a(d)(1)(A).

Accordingly, the Court finds that Defendant's instant conviction does not preclude his eligibility for CalWORKs benefits.

### ii. Eligibility for SNAP Benefits

California participates in SNAP through a program known as CalFresh. *See* Cal. Welf. & Inst. Code §§ 18900, 18900.2; *Aktar v. Anderson*, 68 Cal. Rptr. 2d 595, 600 (Ct. App. 1997) ("In accordance with federal law, California has entered into a federal/state agreement with the [United States Department of Agriculture] for operation of the food stamp program in California."). Thus, Defendant's instant conviction does not disqualify him from receiving CalFresh benefits so long as California law contains a "specific reference in a law enacted after August 22, 1996, exempt[ing] any or all individuals domiciled in the State from the application of [21 U.S.C. § 862a] subsection (a)." 21 U.S.C. § 862a(d)(1)(A).

California law contains just such a statute, codified in section 18901.3 of the state's Welfare and Institutions Code:

> [P]ursuant to Section 115(d)(1)(A) of Public Law 104-193 (21 U.S.C. Sec. 862a(d)(1)(A)), California opts out of the provisions of Section 115(a)(2) of Public Law 104-193 (21 U.S.C. Sec. 862a(a)(2)). An individual convicted as an adult in state or federal court after December 31, 1997, including any plea of guilty or nolo contendere, of any offense classified as a felony that has as an element the possession, use, or distribution of a controlled substance, as defined in Section 102(6) of the federal Controlled Substances Act (21 U.S.C. Sec. 802(6)) or Division 10 (commencing with Section 11000) of the Health and Safety Code, shall be eligible to receive CalFresh benefits as provided for under this section.

Cal. Welf. & Inst. Code § 18901.3(a). Because this statute specifically references 21 U.S.C. § 862a(a)(2), and because it was enacted long after 1996, *see* Act of June 20, 2014, § 50, 2014 Cal. Legis. Serv. ch. 26 (West), it meets all the requirements to exempt Defendant from CalFresh ineligibility, *see* 21 U.S.C. § 862a(d)(1)(A).

Accordingly, the Court finds that Defendant's instant conviction does not preclude his eligibility for CalFresh benefits.

### IV.  CONCLUSION

Defendant's Motion to Reinstate Rights to Federal Benefits (ECF No. 267) is GRANTED for the reasons set forth above. Accordingly, and consistent with the prior judgment and

commitment order entered in this case, Defendant's "rights to federal benefits being denied [are] suspended" by operation of this Order.  (ECF No. 110 at 2.)

IT IS SO ORDERED.

Dated: July 23, 2019

Troy L. Nunley
United States District Judge